PER CURIAM.
Appellants were charged with possession of marijuana. After denials of their motion to suppress and motion to dismiss, the latter predicated on the state’s destruction of certain police recordings, the appellants pled nolo contendere, reserving their right to appeal the denial of those orders. They were then placed on probation for one year.
As to the motion to suppress we find that there is substantial competent evidence in the record to support the trial court’s finding that appellants’ boat was properly stopped by marine patrol officers and that such stop was not contrary to the decision in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 591 L.Ed.2d 660 (1979). In addition, we find no error by the trial court in denying the motion to dismiss. State v. Sobel, 363 So.2d 324 (Fla.1978).
We note that prior to denying the motion to dismiss the trial court denied a motion by appellants to preserve evidence. In denying that motion the trial court indicated its belief that it had no authority to compel the county sheriff’s department to preserve certain tape recordings. These were the same recordings the destruction of which formed the predicate for the appellants’ subsequent motion to dismiss. Although we have concluded that the court was ultimately correct in denying the motion to dismiss we feel compelled to observe that the trial court was mistaken in its belief that it did not possess the authority to compel police authorities within the court’s jurisdiction to preserve potential items of evidence. The court’s authority to direct the state to preserve evidence is a necessary adjunct of its authority to compel and supervise the production of evidence. See generally Fla.R.Crim.P. 3.220.
AFFIRMED.
ANSTEAD, MOORE, and BERANEK, JJ., concur.